**CONSUMER ATTORNEY ADVOCATES, INC.**
PATRIC A. LESTER (SBN 220092)
pl@lesterlaw.com
5694 Mission Center Road, #385
San Diego, CA 92108
Telephone: (619) 665-3888
Fax: (314) 241-5777

**KEOGH LAW, LTD**
TIMOTHY J. SOSTRIN (*pro hac vice pending*)
TSostrin@KeoghLaw.com
55 W. Monroe St., Suite 3390
Chicago, IL 60603
Telephone: (312) 726-1092
Fax: (312) 726-1093
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all persons similarly situated, <br><br> Plaintiff <br><br> v. <br><br> MERCHANT INDUSTRY, LLC, a New York Limited Liability Company, <br><br> Defendant. | Case No. 2:19-cv-03313 <br><br> **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, ET SEQ.** <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 47 U.S.C. §227.

2. Venue in this district is proper because a substantial part of the events or omissions giving rise to the claim occurred in this district.

# INTRODUCTION

3. The plaintiff, Terry Fabricant ("Fabricant" or "Plaintiff"), seeks redress under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA") from Merchant Industry, LLC ("Defendant") for its practice of placing automated telemarketing calls to cellular telephone numbers without prior express written consent.

# THE TCPA

4. When Congress enacted the TCPA, it found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.

5. The Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, has also recognized that the TCPA's protections regarding robocalls to cellular telephones were enacted because wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 (2003).

6. The TCPA thus makes it unlawful to make any call using an "automatic telephone dialing system" to any telephone number assigned to cellular telephone service unless the call is made "for emergency purposes" or with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii).

7. In 2012, pursuant to its rulemaking authority under the TCPA, the FCC imposed even stricter requirements on "advertising" and "telemarketing" text messages by making it unlawful to:

> Initiate, or cause to be initiated, any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [cellular telephone number], other than a call made with the prior

express written consent of the called party[.]

47 C.F.R. § 64.1200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

8. The term "prior express written consent" means:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. (i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that: (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

47 C.F.R. § 64.1200(f)(8). In other words, the agreement "must tell consumers the telemarketing will be done with autodialer equipment and that consent is not a condition of purchase." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd 7961, 8012-8013 ¶ 98 (F.C.C. July 10, 2015).

## PARTIES

9. Fabricant is an individual and a resident of Los Angeles County, California.

10. Fabricant is a "person" as defined by 47 U.S.C. §153(39).

11. Defendant is a New York Limited Liability Company with its principal offices in Long Island City, New York.

## Defendant's Business

12. Defendant sells credit card processing equipment marketed as

"Swipe4Free" to small businesses.

13. In order to sell Swipe4Free, Defendant purchases "leads" (i.e., names and contact information of potential buyers) from third parties and then places automated telemarketing calls to those "leads."

14. Defendant used VanillaSoft software to both manage its list of leads and to place the automated telephone calls.

15. VanillaSoft markets its automated dialing software for its ability "to remove the tedious task of manually dialing telephone numbers"; to engage in "progressive dialing" such that "when the user dispositions a contact, the next record appears on the screen and the number is automatically dialed"; and to use "prerecorded voicemail messages" with "voicemail drop" technology.

16. Defendant, accordingly, advertises its "**automated dialer**" in job postings for telemarketing positions at its company.

## FACTS SPECIFIC TO PLAINTIFF

17. At all times relevant to this action, Plaintiff was the subscriber and regular user of the cellular telephone number xxx-xxx-1083.

18. On December 13, 2018, Defendant used the VanillaSoft dialing software to place at least three automated telemarketing calls to the 1083 number for the purpose of selling Plaintiff the Swipe4Free equipment.

19. On December 17, 2018, Defendant used the used the VanillaSoft dialing software to place another automated telemarketing call to the 1083 number for the purpose of selling Plaintiff the Swipe4Free equipment.

20. Defendant did not have Plaintiff's prior express written consent to place these calls.

21. Defendant's calls harmed Plaintiff by violating his rights under the TCPA.

22. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent - a "nuisance and invasion of privacy."

23. Defendant's calls harmed Plaintiff by trespassing upon and interfering with

his rights and interests in his cellular telephone.

24. Defendant's calls harmed Plaintiff by intruding upon seclusion.

25. Defendant's calls harmed Plaintiff by causing aggravation and annoyance.

26. Defendant's calls harmed Plaintiff by wasting his time.

27. Defendant's calls harmed Plaintiff by depleting the battery life on his cellular telephone.

## CLASS ACTION ALLEGATIONS

28. Considering Defendant's business practices, Plaintiff alleges that Defendant placed numerous automated telemarketing calls to the cellular telephone numbers of many persons who also did not provide prior express written consent.

29. Plaintiff therefore seeks certification of a class of similarly situated individuals, defined, subject to amendment, as follows:

> (1) All persons residing in the United States (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) between December 13, 2014 and the date the Court rules on Plaintiff's Motion for Class Certification, (5) using the Vanilla Soft dialing software (6) for the purpose of telemarketing Defendant's products or services

30. The Class is so numerous that joinder is impracticable. Considering Defendant's business practices, there are, on information and belief, hundreds, if not thousands, of members of the class and subclass. The joinder of all Class members is impracticable due to the size of the class and subclass. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits.

31. The Class and subclass are easily identified through records maintained by Defendant and third parties.

32. For the Class and subclass, there are questions of law and fact common to the members, which predominate over any questions that affect only individual class members. These common questions include:

       a. Whether Defendant used an automatic telephone dialing system;

       b. Whether any form of consent Defendant may claim qualifies as prior express written consent;

       c. Whether Defendant's conduct was knowing and/or willful; and

       d. Whether Plaintiff is entitled to injunctive relief.

33. Plaintiff's claims are typical of the claims of the member of the class and subclass, as they all received automated telemarketing calls on their cellular telephone numbers soliciting them to purchase defendant's products or services.

34. Plaintiff will fairly and adequately represent the interest of the class as he is willing to devote the time necessary to serve as class representative and has retained counsel experienced in handling class actions seeking relief under the TCPA and other laws.

35. A class action is superior to other alternative methods of adjudicating this dispute. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Plaintiff believes that Class Members, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief.

36. Further, management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class and subclass are easily identified through call records.

37. Hence, a class action is the only feasible means of recovery for the Class Members.

38. Defendant has acted on grounds generally applicable to the Class and subclass, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief,

Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE TCPA

39. Plaintiff repeats and realleges the above paragraphs as though fully stated herein.

40. Defendant used an ATDS to make telemarketing calls to the Class Members' cell phones without prior express written consent.

41. The foregoing acts and omissions constitute numerous and multiple violations of 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(2).

42. Defendant is directly liable for these violations because the text messages were sent by Defendant taking steps necessary to physically place the calls.

43. As a result of the Defendant's violations, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to United States Code, Section 227(b)(3)(B), plus up to treble damages for each violation found to be willful or knowing.

44. Plaintiff and the Class Members are also entitled to, and do seek, injunctive relief prohibiting the Defendant's conduct in the future as described below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members, and against Defendant, for:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction requiring Defendant not to autodial any numbers obtained through means other than signed, prior express written consent that complies with the TCPA and FCC's rules.

c. An award of statutory damages for Plaintiff and each Class Member in the amount of $500.00 for each and every message that violated the TCPA;

d. An award of treble damages, as provided by statute, of up to $1,500.00 for

Plaintiff and each Class Member for each and every willful or knowing violation;

e. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

f. An award of Plaintiff's attorneys' fees, litigation expenses and costs of suit; and

g. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: April 25, 2019

Respectfully Submitted,

**CONSUMER ATTORNEY ADVOCATES**
By:   s/ Patric A. Lester
Patric A. Lester

**KEOGH LAW, LTD**
By:   s/ Timothy J. Sostrin
Timothy J. Sostrin (PHV pending)

*Attorneys for Plaintiff*